UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>RAUL ERNEST SAENZ,<br><br>                  Defendant. | Case Nos.: 97CR2106-JLS<br>                16CV1619-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 and GRANTING CERTIFICATE OF APPEALABILITY** |

      Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 57). Plaintiff has filed a response and opposition, Defendant has filed a reply and two supplemental briefings, Plaintiff has responded to the supplemental briefings, and Defendant has filed a reply to that response. The Court has reviewed the record, the submissions of the parties, and the applicable legal authorities and, for the reasons set forth below, will dismiss Defendant's motion as time barred.

## Background

      In 1997, Defendant Raul Ernest Saenz pled guilty, pursuant to a plea agreement, to four counts of a 24-count indictment: Counts 7 and 23, which charged him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and Counts 8 and 24, which

1

charged him with carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Under the terms of the plea agreement, the parties recommended an armed career criminal increase in base offense level to 34, and a criminal history category of VI. ECF No. 68, Gov't Resp., Ex.3, at 19. The plea agreement also recognized that Count 8 carried a 5-year mandatory prison sentence consecutive to the armed bank robbery sentence imposed for Counts 7 and 23, and that Count 24 carried an additional mandatory 20 years in prison, consecutive to the mandatory 5 years for Count 8, and consecutive to the underlying robbery sentence for Counts 7 and 23. *Id.* at 15.

Defendant was sentenced on March 22, 1999. Although the transcript of the sentencing hearing is not available, it appears that the Court followed the recommendations set forth in the plea agreement. At a criminal history category of VI, a base offense level of 34, less 3 points for acceptance of responsibility, the guideline sentencing range would have been 188-235 months. Defendant was sentenced to 188 months' imprisonment as to Counts 7 and 23 concurrently, 5 years' imprisonment, consecutive, as to Count 8, and 20 years' imprisonment, consecutive, as to Count 24. ECF No. 50, Sentencing Minutes.

Defendant filed the instant motion under Section 2255 on June 24, 2016. Defendant contends that the prior convictions for robbery under California Penal Code § 211 used to enhance his sentence no longer qualify as a crime of violence after the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Without the enhancement stemming from the robbery convictions, Defendant would not have been subject to the career offender provisions of the Sentencing Guidelines and his Guideline range would have been 77-96 months, rather than 188-235 months. In addition, Defendant contends that federal armed bank robbery is also no longer a crime of violence after *Johnson*, thus he should not have been sentenced to 25 years under 18 U.S.C. § 924(c) (Counts 8 and 24).

2

The Government responds that Defendant waived his right to collaterally attack his sentence and procedurally defaulted by failing to take a direct appeal. In addition, the Government contends that *Johnson* is not retroactively applicable in the Guidelines context and that Defendant remains a career offender even without the residual clause. With respect to Defendant's § 924(c) challenge, the Government contends that Defendant cannot establish that he was sentenced under the residual clause, that armed robbery remains a crime of violence under the elements clause, and that *Johnson* does not invalidate §924(c)'s residual clause.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for motions brought under 28 U.S.C. § 2255. The one-year period of limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant contends that his § 2255 motion, filed on June 24, 2016, is timely pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Johnson* which was issued on June 26, 2015. Defendant argues that the Supreme Court recognized a new right in *Johnson* and announced a substantive rule that is therefore retroactive to cases on collateral review.

In *Johnson v. United States*, *supra*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. The statutory provision at issue in *Johnson*, 18 U.S.C. § 924(e), requires a sentencing judge to impose a mandatory 15-year minimum sentence for a conviction under 18 U.S.C. § 922(g), which prohibits felons and other designated persons from possessing firearms, when the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony." "Violent felony" is defined as a felony that:

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The second clause of Subsection (ii), italicized above, is what has come to be known as the residual clause. This clause was struck down in *Johnson,* but the force/elements clause, subsection (i) above, and the enumerated-offenses clause, the first clause of subsection (ii) above, were untouched. In *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review.

Defendant contends that *Johnson* is applicable to the career offender sentencing guideline, USSG § 4B1.2, because it contains an identically-worded residual clause. Although the Supreme Court has held that the advisory sentencing guidelines are not subject to a void for vagueness challenge under the Due Process Clause, *Beckles v. United States*, 137 S.Ct. 886 (2017), Defendant maintains that his case is distinguishable because the Sentencing Guidelines were mandatory at the time he was sentenced. Defendant also contends that *Johnson* is applicable to 18 U.S.C. § 924(c) because the residual clause in §924(c)(3)(B) contains similar language to that struck down in *Johnson*.

In *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018), the Ninth Circuit of Appeals recognized that the Supreme Court has "repeatedly admonished [courts] not to advance on [their] own in determining what rights have been recognized by the Supreme Court under AEDPA." 903 F.3d at 1026. The *Blackstone* court noted that neither *Johnson's* application to the mandatory sentencing guidelines, nor its application to the residual clause of § 924(c) have been addressed by the Supreme Court. Thus, the Court held that *Johnson* did not announce a new rule that is applicable to the mandatory Sentencing Guidelines or § 924(c)'s residual clause. *Id.* at 1028. The Court concluded by noting that the "Supreme Court may hold in the future that *Johnson* extends to sentences imposed when the Sentencing Guidelines were mandatory or pursuant to 18 U.S.C. § 924(c), but until then Blackstone's motion is untimely." *Id.* at 1029.

The claims raised in Defendant's motion herein are indistinguishable from the claims raised by the defendant in *Blackstone*. Accordingly, the Court finds that *Johnson* cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3) and that Defendant's motion is untimely.

## Conclusion

The Court finds Defendant's motion to be time barred under 28 U.S.C. §2255(f). Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DISMISSED. The Court notes that at least one circuit has held that Section 2255(f)(3) permits a challenge to the residual clause of the mandatory sentencing guidelines under *Johnson* and concluded that the mandatory residual clause is unconstitutionally vague,[1] thus the Court necessarily concludes that reasonable jurists could disagree with this Court's decision. Accordingly, a certificate of appealability is GRANTED on the issue of whether Defendant's Section 2255 motion is time barred.

---

[1] *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018).

5

*See Slack v. McDaniel* (recognizing that "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue…[if] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

Dated: November 5, 2018

Hon. Janis L. Sammartino
United States District Judge