UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>RAUL ERNEST SAENZ,<br><br>                      Defendant. | Case No.: 97CR2106-JLS<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(C)(1) AND THE FIRST STEP ACT (2018)** |

     Pending before the Court is Defendant Raul Ernest Saenz's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act (2018) (ECF No. 97). Plaintiff United States of America has filed an opposition, and Defendant has filed a reply and a supplemental document. Having considered these submissions and authorities presented, the Court must deny Defendant's motion without prejudice for his failure to demonstrate exhaustion of administrative remedies.

## Background

     In 1998, Defendant Saenz pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). ECF Nos. 7, 23. Defendant

was sentenced by District Judge Leland C. Nielson to a total of 488 months' incarceration, 188 months for the two bank robbery offenses, and mandatory 5 and 20-year consecutive terms for the § 924(c) offenses. Defendant is still serving his sentence at USP Lompoc and has a projected release date of August 13, 2033.

## Analysis

Defendant Saenz moves the Court for an order reducing his sentence to time served, or 308 months, under 18 U.S.C. § 3582(c)(1)(A)(i). At the time of filing Defendant's reply, there were sixty-eight inmates and twenty-nine staff at USP Lompoc testing positive for COVID-19. At the time of this Order, that number has decreased to fifty-three inmates and ten staff.[1] Defendant is seventy-eight years old and submits that his age and medical condition render him particularly vulnerable to contracting COVID-19. In addition, Defendant points out that under current law, with the First Step Act's elimination of 924(c) stacking, his sentence would have been only 308 months, a period of time Defendant has already served. These factors combine, in Defendant's view, to create extraordinary and compelling reasons to support a sentence reduction. Defendant further contends that the Court may excuse any failure to exhaust administrative remedies because the requirement is not jurisdictional.

The Government opposes Defendant's motion based upon Defendant's failure to exhaust administrative remedies as well as on several substantive grounds. Pertinent to the exhaustion issue, the Government submitted a letter from the warden of the Federal Correctional Complex at Lompoc dated April 8, 2020 denying Defendant's request for a reduction in sentence based upon his COVID-19 concerns. ECF No. 108. The letter advises of a right of appeal the Warden's determination within 20 days of Defendant's receipt of the response. *Id.* The record before the Court contains no indication of whether

---

[1] Federal Bureau of Prisons, "Covid-19 Cases," available at https://www.bop.gov/coronavirus/ (last accessed 05/28/20).

an appeal was filed by Defendant, or whether any further administrative determination has been made.

The First Step Act (FSA), enacted in 2018, contains a provision which allows defendants to petition district courts directly for compassionate release. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…".

In this case, Defendant has not demonstrated that he has exhausted his administrative remedies. Defendant's request to the warden of his facility was denied and there is no indication before the Court that Defendant submitted an administrative appeal of that decision. Furthermore, because the warden acted on Defendant's request, no lapse has occurred. *See e.g., United States v. Miller*, 2020 WL 113349 *2 (D. Idaho Jan. 8, 2020) (recognizing that "lapse" means that the warden must fail to act on a request for compassionate release for a period of 30 days).

The Court's authority under Section 3582(c)(1)(A) is explicitly premised upon these requirements. Although defendant argues that the Court may disregard the statutory language and excuse the failure to exhaust administrative remedies, the Court finds that the statutory language is clear and that it therefore lacks the authority to consider Defendant's motion until the exhaustion requirement has been met. *See e.g., United States v. Otero*, 2020 WL 1912216 *4 (S.Dist. Cal. April 17, 2020) (collecting cases and finding that exhaustion requirement is mandatory despite the urgency created by COVID-19).

///
///
///
///

**Conclusion**

For the reason set forth above, the Court finds that it lacks jurisdiction to consider Defendant's request for relief. Accordingly, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act (2018) is **DENIED without prejudice**, pending exhaustion of his administrative remedies.

IT IS SO ORDERED.

Dated: May 28, 2020

Hon. Janis L. Sammartino
United States District Judge