UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAUL ERNEST SAENZ,<br><br>                              Defendant. | Case No.: 97CR2106-JLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(C)(1) AND THE FIRST STEP ACT (2018)** |

Pending before the Court is Defendant's Unopposed Motion to Reconsider Mr. Saenz's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1) and the First Step Act (2018) (ECF No. 114). The parties agree that Defendant has met the exhaustion requirements of § 3582(c)(1)(A) and request that the Court rule on the merits of Defendant's motion.[1]  Having considered Defendant's motion (ECF No. 97), Plaintiff's opposition, Defendant's reply, the supplemental submissions of both parties, and the authorities presented, the Court will grant Defendant's request for compassionate relief.

---

[1] This Court previously denied without prejudice Defendant's motion for compassionate relief under § 3582(c)(1) for failure to exhaust administrative remedies. ECF No. 113.

1

## Background

In 1998, Defendant Saenz pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). ECF Nos. 7, 23. Defendant was sentenced by District Judge Leland C. Nielson to a total of 488 months' incarceration, 188 months for the two bank robbery offenses, and mandatory 5 and 20-year consecutive terms for the § 924(c) offenses. Defendant is still serving his sentence at USP Lompoc and has a projected release date of August 13, 2033.

## Analysis

Defendant Saenz moves the Court for an order reducing his sentence to time served, or 308 months, under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant contends that there a multiple extraordinary and compelling reasons to reduce his sentence. First, Defendant has already served more than the 308-month sentence that would have been imposed under current law, after the First Step Act's elimination of § 924(c) stacking. Second, Defendant is seventy-eight years old and suffers from serious physical and medical conditions. Finally, Defendant's age and medical condition render him particularly vulnerable to contracting COVID-19.

The Government opposes Defendant's motion on the grounds that no extraordinary and compelling reasons warrant a reduction in his sentence. The Government contends that Defendant's health issues and potential exposure to COVID-19 are adequately managed by the Bureau of Prisons. The Government also maintains that Defendant remains a danger to the community and that the 18 U.S.C. § 3553(a) factors do not support a shorter sentence.

The First Step Act (FSA), enacted in 2018, contains a provision which allows defendants to petition district courts directly for compassionate release. Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, the court may reduce a term of imprisonment "…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a

2

97CR2106-JLS

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier..." The parties agree that a lapse of more than 30 days from the warden's receipt of Defendant's administrative request for relief has taken place. ECF No. 114.

Relief is warranted under Section 3582(c)(1)(A) if, after consideration of the factors set forth in section 3553(a), the court finds that:

1. Extraordinary and compelling reasons warrant such a reduction; or

2. The defendant is at least 70 years of age, has served at least 30 years in prison, … and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community; and

3. Such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements issued by the Sentencing Commission are set forth in U.S. Sentencing Guideline §1B1.13. This Guideline, which has not been amended since the enactment of the FSA, still requires that a reduction in a term of imprisonment be based upon a motion of the Director of the Bureau of Prisons. Otherwise, the Guideline largely tracks the statutory language of Section 3582(c)(1)(A) and provides that the court may reduce a term of imprisonment if it determines that extraordinary or compelling reasons warrant the reduction, or the defendant is a least 70 years old and has served at least 30 years in prison. The Court must also find that the defendant is not a danger to the community and that the reduction is "consistent with this policy statement." USSG §1B1.13(2) and (3). Defendant Saenz, who does not yet served at least 30 years in prison, proceeds under the "extraordinary or compelling reasons" provision.

The Commentary to Guideline §1B1.13 indicates that extraordinary and compelling reasons exist under several defined circumstances, including the age of the defendant. Under this category, extraordinary and compelling reasons exist if the defendant "(i) is at

least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG § 1B1.13, App. Note 1(B). The guideline commentary also indicates that extraordinary and compelling reasons exist for "other reasons" if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.,* App. Note 1(D).

By its terms, the "other reasons" category, which has not been changed subsequent to the FSA, requires a Bureau of Prisons determination that extraordinary and compelling reasons exist in support of a sentence reduction before the Court may act. Some courts have held that this requirement survives the First Step Act, *see e.g., United States v. Lynn*, No. 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019), while others have construed this inconsistency with the FSA to mean that courts, in addition to the BOP, have the discretion to identify other extraordinary and compelling reasons *See e.g., United States v. Fox,* 2019 WL 304686 at *3 (D. Me. July 11, 2019) (noting that "deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role".).

The Court finds more persuasive the line of cases affording courts discretion to determine whether "other" extraordinary and compelling reasons exist under Section 3582(c)(1)(A). The First Step Act is meant to provide defendants with greater access to the federal courts to review compassionate release claims, it does not stand to reason that the courts should remain bound by Bureau of Prison determinations, or lack of any determination, in analyzing the merits of a particular claim. Thus, the Court finds that under the First Step Act, it possesses the discretion to determine whether other reasons, or a combination of reasons, present extraordinary or compelling grounds for compassionate relief, with guidance from the policy statement set forth in Guideline §1B1.13.

In this case, the Court finds that extraordinary and compelling grounds for relief exist due to the combination of factors presented by defendant. First, Defendant's age and health condition alone are likely sufficient to warrant relief under the age category defined

in Section 1(B) of the Application Note to Guideline Section 1B1.13. Defendant is 78 years of age, has served more than ten years of his sentence, and appears to be experiencing a serious deterioration in physical health because of the aging process. The list of Defendant's current health problems on the BOP's Health Services report is nearly a full page long and includes COPD, chronic pain, age-related cataracts, other specified idiopathic peripheral neuropathy, other and unspec[ified] disc disorder in the lumbar region, edema, hyperlipidemia, gastro-esophageal reflux disease with esophagitis history GI bleed 2007, and unsp[ecified] thoracic, thoracolum and "lmbosacr intvrt" disc disorder. ECF No. 105 (sealed). The records before the Court also reflect that Defendant suffers from visual impairment and requires several accommodations for his conditions such as no excess cold/wind, year-round jacket, no ladders/no upper bunk, soft shoes only, no prolonged standing, a back brace, and arch supports. *Id.*; ECF 103-2.

These records are likely sufficient on their own to support a finding that Defendant is experiencing a serious deterioration in physical health because of the aging process. However, Defendant's medical condition combined with his risk factors for serious complications should he contract the COVID-19 virus add to the analysis, in the Court's view, and provide additional grounds warranting relief. Defendant's age and COPD are both factors which place him at heightened risk of severe illness or death from COVID-19[2] and several courts have granted compassionate relief on similar grounds. *See e.g., United States v. Gonzalez,* 2020 WL 1536155 *3 (E.D. Wash. March 31, 2020) (granting compassionate relief to a defendant "most susceptible to the devasting effects of COVID-

---

[2] Those at high risk for severe illness from COVID-19 are: people sixty-five years old or older and people of all ages with underlying medical conditions, including chronic kidney disease, COPD (chronic obstructive pulmonary disease), immunocompromised state (weakened immune system) from solid organ transplant, obesity (body mass index [BMI] of 30 or higher, serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies, sickle cell disease, and Type 2 diabetes mellitus. Centers for Disease Control and Prevention ("CDC"), Coronavirus Disease 2019, People Who Are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 30, 2020).

19," over 60 years of age, with COPD and emphysema); *United States v. Ben-Yhwy*, 2020 WL 1874125 *5 (D. Hawai'i April 13, 2020) (finding extraordinary and compelling reasons to support compassionate release based on defendant's age of 73 and serious medical conditions including Parkinson's Disease, asthma, and diabetes).

Although the Court does not question the Bureau of Prisons' commitment and effort to control the spread of the virus, it cannot be ignored that those in institutional settings are at heightened risk[3] and that cases of COVID-19 in California continue to increase.[4] Thus, the Court finds that the ongoing pandemic and Defendant's particular susceptibility to severe complications from the virus are factors which combine with his age-related health factors to demonstrate extraordinary and compelling grounds for compassionate relief.

In addition, the Court takes into consideration the fact that, adjusting for good time credits, Defendant has served more time in prison[5] than he would have served if he were sentenced under current law.  Defendant was sentenced to a total term of imprisonment of 488 months, 188 months for two bank robbery offenses, and mandatory 5 and 20-year consecutive terms pursuant to 18 U.S.C. § 924(c).  After the First Step Act, the stacking of the second § 924(c) count would be prohibited, exposing Defendant to a mandatory 5-year sentence, instead of the 20-year sentence he received.  Thus, the maximum sentence Defendant could have received under today's law would have been 308 months.  The Government points out that under today's law, Defendant would not have been permitted to enter a guilty plea to only two of the nine robbery offenses he was charged with.  While

---

[3] According to data collected by the New York Times, nine of the ten largest known clusters of the virus in the United States are inside correctional institutions.  Coronavirus in the U.S.: Latest Map and Case Count, "Hundreds of thousands of cases traced to clusters," https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html#clusters (last accessed July 1, 2020).

[4] California has 222,917 confirmed cases of COVID-19 as of June 30, 2020.  The daily new positive case count has increased by 2.9% for the last 14-day period, and has been on upward trajectory since March 18, 2020.  California Coronavirus COVID-19 Statewide Update, https://update.covid19.ca.gov (last accessed July 1, 2020).

[5] Defendant was arrested on June 14, 1997 thus has served more than 276 months in prison to date.

this may be true, it is speculation. The Court can only rule on the record before it, which contains two robbery convictions. As Defendant points out, several courts have recognized that the disparity in sentencing after the amendment of 18 U.S.C. § 924(c) under the First Step Act constitutes an extraordinary and compelling reason for a sentence reduction under Section 3582(c)(1)(A). *See* ECF No. 112, Def.'s Supplemental Doc. (compiling cases). This Court agrees, particularly when combined with Defendant's age-related medical conditions and risk factors associated with COVID-19.

Accordingly, the Court finds that defendant has demonstrated extraordinary and compelling circumstances warranting compassionate release. The Court has reviewed the Presentence Report (ECF 97, Ex. B) and the psychological evaluations of Defendant performed in 1997, 1998, and 1999. (ECF No. 56, Ex. B). The Court is not persuaded that Defendant remains a danger to the community, particularly in light of his advanced age and physical condition. Although Defendant does have a significant disciplinary record in prison, he has not been sanctioned in the last four years. According to Defendant's Correctional Counselor, Defendant has undergone a tremendous transformation since entering the Bureau of Prisons and his demonstrated "initiative to better himself in rehabilitation." ECF No. 103-2. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a) and finds that in view of the extraordinary and compelling circumstances demonstrated, the time Defendant has already served in prison is sufficient to satisfy the objectives of sentencing.

## Conclusion

For the reason set forth above, Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act (2018) is GRANTED. Defendant's previously imposed sentence of imprisonment is reduced to TIME SERVED. Defendant's previously imposed conditions of supervised release are unchanged.

IT IS FURTHER ORDERED that this order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. Defendant

shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

IT IS SO ORDERED.

Dated: July 9, 2020

Hon. Janis L. Sammartino
United States District Judge